May it please the Court, I'm Nancy Davis here on behalf of Appellant Defendant Pima County. I'd like to reserve two minutes for rebuttal, and I am prepared to address the jurisdictional issues referenced in the Court's most recent order. Louis Taylor has sued Pima County over the State of Arizona's successful prosecution of him on 28 counts of felony murder for an arson fire that occurred in downtown Tucson, Arizona, in December of 1970. The issues before this Court are whether the 11th Amendment bars Taylor's claims against the County, and whether this Court has jurisdiction over the appeal. The answer to both of those questions is yes. I will start with the jurisdictional issue first. This Court does have jurisdiction to decide whether the 11th Amendment bars Taylor's claims. There are a couple of reasons for this. First, unlike the Swint and Solar City defendants, Pima County actually asserted 11th Amendment immunity before the District Court. Those defendants did not. But Counsel, how do you, how do you, excuse me, how do you distinguish Solar City, which distinguishes between immunity from suit and immunity from liability? And it appears that you have emphasized in your reply brief that you're not talking about anything other than a bar to substantive liability. Yes, Your Honor. How is this, how is this any different from Solar City? This situation is very different from Solar City. First, Solar City did not involve a 1983 cause of action, nor did it involve assertion of 11th Amendment immunity. Rather, Solar City involved an affirmative defense, otherwise known as the Parker Doctrine. It's also called State Action Immunity. And there, the defendant and appellant attempted to do a unilateral appeal without any certification by the District Court, trying to assert that the Parker Doctrine was like absolute immunity, was like qualified immunity, and it clearly is not. 11th Amendment immunity, like absolute immunity and qualified immunity, is an immunity from suit. It's an immunity from having to go through the burdens of litigation and actually having a trial. But that's not what you, that's not what you said in your reply brief. You were very, very clear, it seemed to me, that you are not claiming that a bar to liability is in the federal court's ability to hear the claim. Rather, you're asserting a bar to liability. I mean, you specifically say the county did not assert that the District Court lacked jurisdiction, but you're asserting a bar to liability. Yes, Your Honor. And I think that those statements, I think you're elevating form over substance. It's very clear when you look at the actual motion to dismiss, when you look at the court's denial of the motion to dismiss, as well as the other aspects of what occurred at the District Court, that all Pima County was saying was that, of course, the District Court had jurisdiction to decide whether the 11th Amendment immunity applied. Those arguments were made in response to Taylor's position that the county had waived 11th Amendment immunity by not objecting to the City of Tucson's removal of the case to federal court. And so what the county is clearly saying is the District Court had jurisdiction to decide whether the 11th Amendment immunity applied, nothing more and nothing less. Given the Pima County's express assertion of 11th Amendment immunity before the District Court, this Court would effectively have to overrule the decision in Cortez to find appellate jurisdiction lacking. This is important because Cortez, which is a 2002 decision out of this circuit, found that 11th Amendment immunity was appropriate for interlocutory appeal even where the immunity claim was tied to a final policymaker issue. Moreover, when this ---- Sotomayor, that decision is wrong, isn't it, under Swent? No, Your Honor, it's not. And I'll tell you why. The decision that control is not that controls is not Swent. The decision that controls is the 1993 Supreme Court decision in Puerto Rico Aqueduct. The Swent case involved an appeal of a couple of issues. There were some individual defendants who had unsuccessfully asserted qualified immunity before the District Court. They then mounted an interlocutory appeal, which they had an absolute right to do. In turn, the county commission, which had not asserted 11th Amendment immunity, tried to tack their final policymaker claim on to the individual defendant's assertion of a qualified immunity. That is not the situation in this case. Here, Pima County clearly asserted 11th Amendment immunity. The District Court denied 11th Amendment immunity. And one of the reasons for the denial was that the county was not or the county attorney was not a final policymaker for the county. And so that's a very different situation than existed in either Swent and the Solar City cases. So this Court, when it initially accepted jurisdiction in the fall of last year, properly relied on the Supreme Court decision in Puerto Rico Aqueduct, as well as this circuit's decision in Cortez, the county of Los Angeles. Moving on to the second issue, this Court does have jurisdiction to find not only that the — not only has jurisdiction, but also has the authority to find that the 11th Amendment bars Taylor's claims against the county. Even though Taylor couches his claims in terms of Monell liability, he has specific complaints about the alleged misconduct of the State prosecutor. He attempts to tie the prosecutor's misconduct, consisting of the decision to prosecute him, as well as decisions made during the course of the prosecution, the use of certain witnesses, as well as an alleged failure to disclose Brady material, as a basis for the Monell claim. Because of the manner in which he has asserted Monell liability, and because the Monell liability would be dependent upon the conduct of a State actor, the 11th Amendment immunity applies. The cases that support this proposition are the Wiener v. San Diego cases out of this circuit in 2000, the Cannon v. Polk County District Attorney's Office, which is a 2012 decision out of this circuit, as well as the 2014 decision in Jackson v. Barnes. An additional case would be Cotton v. County of San Bernardino. It was actually affirmed by this circuit on different grounds. But in that case, the district court had found that the 11th Amendment barred the plaintiff's claims against the county because the conduct of the prosecutor was the result of prosecutorial policy for which the county could not be liable. I would like to reserve a few minutes for questions. So, therefore, if there's none at this time, I will save the rest of my time. Thank you. May it please the Court, good morning. John Leder for Lewis-Taylor. The Court's most recent order is correct on jurisdictional issues. And I think what matters most is that, although the district court certified several issues for interlocutory appeal under 1292B on September 17th or September 13th of 17, this Court denied to exercise that discretion. Therefore, it's no longer a discretionary interlocutory appeal, and you have jurisdiction unless barred by Swint and SolarCity, and I think the Court's correct that if you're not accepting discretionary review, the jurisdiction is lacking on the 11th Amendment immunity claim. I think it's pretty straightforward. I also believe, as addressed in my brief, that the Court still is in a position to accept jurisdiction over the In the interest of justice, it's jurisdictional. The Court can address it. The issue has been fully briefed before the district court, and the district court got it wrong on the HECBAR issue. The district court initially ruled that Taylor's claim for prison damages was not barred, and then on reconsideration, the district court changed its mind, relying on the Lyle case. Lyle changes nothing. In Lyle, there was only one conviction, and the plaintiff could not prove that the conviction at issue had been favorably terminated. So Lyle changes nothing. The case that matters is Jackson v. Barnes, and in that case, when there's two convictions and the plaintiff challenges only the first, the HEC is not a bar. Jackson is directly on point and cannot be reconciled with the district court's ruling. It is a significant issue, and more than anything else, it poses a huge practical problem for Mr. Taylor. If the Court declines jurisdiction and we go back to trial, we do two years of discovery, we try the case, the jury supposedly doesn't know he did 42 years in prison and is instructed he can't claim damages for that. But then, assuming there's a verdict, either of them, whoever loses is going to appeal, and I believe when the Court ultimately addresses the HEC issue, it will rule that his claim is not HEC barred. But to get to the HEC issue, it's not HEC barred. Sotomayor, explain to me. I'm a little confused. What is left? The damages are HEC barred. The district court addressed that in its, I think it's at Dock 81, and it ruled that Taylor can kill can still claim emotional distress related to it, and certainly the fact that he, it took 42 years of him knowing that these constitutional violations occurred, I think that's a tenable and a viable claim, but it's not the real claim. This man did 42 years in prison for reprehensible conduct by the county attorney in this case. That's what this is about. Well, this is a tragic case. The but how do we have jurisdiction over the HEC case if, if we don't have jurisdiction over the interlocutor? Two ways. I believe that the HEC issue itself is jurisdictional, and I believe this Court can always take jurisdiction over issues that themselves are jurisdictional. And the Court also has the ability and the power to revisit its September 2017 decision denying 1292B discretionary review. I think that's the way to do it. If Pima County needs another chance to brief the issue, if City of Tucson does, let them do it. But I think it's the fair thing to do for this man who has been through anyway. I have no further comments unless the Court has questions. There don't appear to be any. Thank you. Thank you. I need to point out Mr. Taylor's argument was predominant or, excuse me, Mr. Leder's argument was predominantly geared towards his claim on an issue that this Court has not even accepted for interlocutory appeal. There's been no substantive briefing of the issue by Pima County. There's certainly been no briefing of the issue by the co-defendant, Cindy of Tucson. It's not appropriate for the Court at this particular junction to consider whether it has jurisdiction over the issue. And, in fact, in the fall of 2017, this Court, a panel of this Court, expressly declined to accept that jurisdiction. What this is really about is Eleventh Amendment immunity. That claim runs solely to the county. The county has not waived Eleventh Amendment immunity. Throughout the briefing, it was clear that the Eleventh Amendment was asserted as a bar for the district court to go beyond a motion to dismiss. It precludes litigation on the matter. It precludes discovery. It precludes trial. I think that's very consistent when all of the briefing is read, when it's put in its proper context. Every assertion of that amendment, Eleventh Amendment immunity, was tied to the fact that it was State action that was at issue. And if it's State action, the cause of action is barred. It's barred regardless of whether it had been filed in Federal court or whether it had been filed in State court. In sum, we'd ask that the Court reverse the decision of the district court and remand with instructions to enter a motion to dismiss, an order of dismissal, in favor of Pima County. Are there no further questions? There don't appear to be any. Thank you. Thank you. Case just argued is submitted for decision. That concludes the Court's calendar for this morning. Thanks, all counsel, for their presentations. And the Court stands adjourned.
judges: Siler, Schroeder, Graber